IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONICKA CHRISTIAN,<br>    #24045024,<br>        Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:25-CV-178-L-BW |
| DALLAS COUNTY JAIL,<br>        Respondent. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Based on the relevant filings and applicable law, the Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

## I.  BACKGROUND

On January 23, 2025, the Court received a filing from Donicka Christian, a pre-trial detainee incarcerated at the Dallas County Jail, that was initially construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (*See* Dkt. No. 3.)

On January 27, 2025, the Court entered a Notice of Deficiency and Order informing Christian that if she was challenging her pre-trial detention, she had not filed her petition on the appropriate form and either paid the $5.00 filing fee for § 2241 petitions or submitted an application to proceed in forma pauperis ("IFP") with the required certificate of inmate trust account ("CTA") or comparable form.

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

(*See* Dkt. No. 4 at 1.)  The order required Christian to complete and return, within 30 days, a form habeas petition under § 2241 and to pay the full filing fee or file an IFP application with a CTA.  (*See id.*)  With the order, the Court provided the appropriate forms for filing a § 2241 habeas action and an IFP application with a CTA.  (*See* Dkt. Nos. 4-1, 4-2.)  The order further warned Christian that failure to comply could result in a recommendation that her case be dismissed under Federal Rule of Civil Procedure 41(b).  (*See* Dkt. No. 4 at 1.)

Instead of complying with the Court's January 27 order, Christian filed several documents on March 21, 2025 seeking new counsel and complaining about her current state court counsel and events that transpired while she was in custody.  (*See* Dkt. Nos. 5-7.)  On March 26, 2025, the Court issued a Second Notice of Deficiency and Order, again requiring Christian to complete and return, within 30 days, a form habeas petition under § 2241 and to pay the full filing fee or file an IFP application with a CTA if she was challenging her pre-trial detention.  (*See* Dkt. No. 8.)  Because Christian's March 21 filings appeared to implicate non-habeas claims, the March 26 order also instructed Christian that if she intended to raise any non-habeas civil claims, she must complete and return, within 30 days, a form Prisoner's Civil Rights Complaint and pay the $405 filing fee for a non-habeas civil action or file an IFP application with a CTA.  (*See id.* at 1-2.)  The order again warned Christian that failure to comply could result in a recommendation that her case be dismissed under Rule 41(b).

It has now been over 30 days since the Court's latest deadline expired, and Christian still has not filed her pleading on the appropriate form, paid the filing fee, or filed an IFP application. It also appears that Christian is no longer in custody at the Dallas County Jail. *See* Dallas County Jail Lookup System, https://www.dallascounty.org/jaillookup/search.jsp (last visited May 27, 2025). Christian has not apprised the Court of her current address. (*See* Dkt. No. 2 ("You must notify the Court if your address changes, or your case may be dismissed.").)

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Christian has failed to comply with the Court's January 27 and March 26 orders to file a proper pleading on the appropriate form—whether a § 2241 petition or a § 1983 complaint—and to either pay the filing fee or file an IFP application with a CTA, despite warnings that failure to do so could result in the dismissal of her case.

By not complying with the Court's orders, Christian prevents this action from proceeding and has failed to prosecute her lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute or follow court orders.

### III.  RECOMMENDATION

The Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

**SO RECOMMENDED** on May 27, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).