IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**DONICKA CHRISTIAN**, §
    #24045024 §
        Petitioner, §
   §
v. § Civil Action No. **3:25-CV-178-L-BW**
   §
**DALLAS COUNTY JAIL**, §
   §
        Respondent. §

## <u>ORDER</u>

On May 27, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10) was entered, recommending that the court **dismiss without prejudice** this habeas action. No objections to the Report have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). For the reasons stated herein, the court **accepts** the Report.

Petitioner Donicka Christian ("Petitioner" or "Ms. Christian") filed this action on January 23, 2025. Doc. 3. Because Petitioner's Complaint was filed incorrectly, Magistrate Judge Brian McKay entered a Notice of Deficiency Order (Doc. 4) on January 27, 2025, and ordered her to cure the deficiencies he identified and pay the filing fee or an application to proceed in forma pauperis. *See* Doc. 4. The magistrate judge determined that, "[i]nstead of complying with the Court's January 27 order, [Ms.] Christian filed several documents on March 21, 2025[,] seeking new counsel and complaining about her current state court counsel and events that transpired while she was in custody." Report 2 (citations omitted).

After Ms. Christian filed the above-listed documents, the magistrate judge entered a Second Notice of Deficiency and Order, which required her to complete and return a form

Order – Page 1

habeas petition under 28 U.S.C. § 2241 and to pay the full filing fee or file an application to proceed in forma pauperis by April 25, 2025. Doc. 8. For the second time, Petitioner failed to follow the instructions in the Second Notice of Deficiency and Order.

Because it has been more than 30 days since the entry of the magistrate judge's  Second Notice of Deficiency and Order (Doc. 8), the magistrate judge recommends that the court dismiss this action without prejudice for failure to prosecute or comply with court orders. Report 4. Having considered the Report, Complaint, and record, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action, pursuant to Rule 41(b), as a result of Petitioner's failure to prosecute and comply with a court order.

A certificate of appealability is not required to appeal the denial of relief under 28 U.S.C. § 2241.  *See Padilla v. United States*, 416 F. 424, 425 (5th Cir. 2005).  In the event Petitioner files a notice of appeal, she must pay the $605 appellate filing fee or submit a motion to proceed *in forma pauperis* and a properly signed certificate of inmate trust account.

**It is so ordered** this 17th day of June, 2025.

Sam A. Lindsay
United States District Judge